**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, by and through Dawyn R. Harrison, County Counsel for the County of Los Angeles; COUNTY OF LOS ANGELES, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CHIQUITA CANYON, LLC, a Delaware limited liability company; CHIQUITA CANYON, INC., a Delaware corporation; WASTE CONNECTIONS US, INC., <br><br> Defendants - Appellants. | No. 25-5754 <br><br> D.C. No. 2:24-cv-10819-MEMF-MAR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted May 22, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellants Chiquita Canyon, LLC; Chiquita Canyon, Inc.; and Waste Connections US, Inc. ("Chiquita") appeal from a district court order "grant[ing] as modified" a motion for preliminary injunction sought by the People of the State of California and the County of Los Angeles. We must first determine whether the district court's order was an "[i]nterlocutory order[] . . . granting . . . [an] injunction[]," which vests this court with appellate jurisdiction. *See* 28 U.S.C. § 1292(a)(1). Because the order does not meet the requirements of § 1292(a)(1), we dismiss for lack of appellate jurisdiction.

The dispute stems from claims related to odors emanating from a landfill owned and operated by Chiquita and located in the County of Los Angeles. The County moved for a preliminary injunction requiring Chiquita to establish a fund of approximately $20 million to cover the relocation and odor-mitigation expenses for individuals living near the landfill. The district court "granted as modified" the motion, holding the factors for issuing a preliminary injunction satisfied. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But, turning to the scope and form of the requested injunction, the district court determined that the proposed preliminary injunction is insufficiently tailored. And the district court delayed any decision about whether the County is exempt from the general requirement that a movant for a preliminary injunction "give[] security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have

2                                                                                    25-5754

been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The district court then directed the parties to meet, confer, and file two joint statements regarding (1) "a more narrowly tailored injunction," and (2) "whether the County is exempt from the posting of a bond." Chiquita promptly appealed, arguing the district court order "granted" an "injunction," which confers jurisdiction in this court. We disagree.

Despite the district court's imprecise language, the effect of the underlying order is not a grant of an "injunction." Ordinarily, identifying whether a district court's order grants an injunction is a straightforward task. But when the contours and effects of a district court order are less clear, we look for three elements that define an order granting an injunction. The order must be "(1) directed to a party, (2) enforceable by contempt, and (3) designed to accord or protect some or all of the substantive relief sought by the complaint in more than temporary fashion." *In re Lorillard Tobacco Co.*, 370 F.3d 982, 986 (9th Cir. 2004) (simplified); *see also Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989).

The district court order here does not meet the requirements of an "injunction." First, it does not "accord or protect some or all of the substantive relief sought." *In re Lorillard Tobacco Co.*, 370 F.3d at 986. The County requested a preliminary injunction requiring Chiquita to "establish a fund of at least $20 million to subsidize the temporary relocation of residents" near the landfill with the fund "also [to] be used for remediating existing properties to mitigate the odors and health

effects of the landfill." Instead of awarding the County's requested relief, the district court order only directs the parties to "meet and confer" to produce joint statements proposing "a more narrowly tailored injunction" and clarifying whether "the County is exempt from the posting of a bond." And "an order requiring submission of a remedial plan is generally not an injunction that is reviewable interlocutorily under Section 1292(a)(1)." *Armstrong v. Wilson*, 124 F.3d 1019, 1021–22 (9th Cir. 1997). While the district court determined that the "nature, duration, and geographical breadth of the odor" justified the establishment of "a fund to enable and facilitate the temporary relocation or home hardening of the residents" affected, it also determined the "County ha[d] not demonstrated that the requested injunctive relief is an appropriate remedy for the alleged harm." The order, then, does not provide "some or all of the substantive relief sought by the complaint in more than [temporary] fashion." *Id.* at 986. Second, the only judicial instruction enforceable by contempt is to meet and confer to produce joint statements on the identified matters. Finally, as the parties agree, the district court order fails to meet the requirements of a Rule 65 injunction. *See* Fed. R. Civ. P. 65(d)(1)(B)–(C) (requiring injunction's terms be stated "specifically" and "describe[d] in reasonable detail"); Fed. R. Civ. P. 65(c) (requiring "security" to cover "costs and damages sustained by any party found to have been wrongfully enjoined"). The district court's order therefore did not "grant[] . . . [an] injunction[]" under § 1292(a)(1).

Chiquita expresses concern that delaying appellate review of the district court's order will invite the County to later argue that Chiquita forfeited its challenge to the merits of the order. It is true that a party that has "foregone a right to appeal an injunction" does not "regain it simply because a separable modification . . . has occurred." *Gon*, 871 F.2d at 866. But because there was no appealable injunction, there is no danger of forfeiture. If the district court issues a subsequent order granting a preliminary injunction, that order will be a separate, appealable order, not a modification of the court's original order. And even if a subsequent order could be construed as a modification of the original order, the subsequent order's analysis would be "inextricably intertwined with the merits of the underlying order." *Id.* at 867 (simplified). Where "a modification [is] so fundamental to the original injunction, or [] otherwise present[s] issues so inextricable from the validity of the original injunction, [appellate] review must include the whole package." *Id.* at 866-67.

**DISMISSED.**[1]

---

[1] The motions for leave to file amicus briefs from the United States Chamber of Commerce (Dkt. 18) and the National Waste & Recycling Association (Dkt. 19) are granted. Chiquita's motion for judicial notice (Dkt. 15) is also granted.

25-5754